## SUMMONS

| Attorney(s) | Michael H Ansell, Esq. |
|---|---|
| Office Address | Ansell Grimm & Aaron, P.C. |
| | 365 Rifle Camp Road |
| Town, State, Zip Code | Woodland Park, NJ 07424 |
| Telephone Number | (973) 247-9000 |
| Attorney(s) for Plaintiff | Craig Schmell |

**Superior Court of New Jersey**

| Monmouth | COUNTY |
|---|---|
| Law | DIVISION |

Craig Schmell

Docket No: MON-L-4077-17

Plaintiff(s)

Vs.
Morgan Stanley & Co., Inc.

## CIVIL ACTION
## SUMMONS

Defendant(s)

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at
http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

Clerk of the Superior Court

DATED:   11/15/2017

Name of Defendant to Be Served:   Morgan Stanley

Address of Defendant to Be Served:   1585 Broadway, New York, NY 10036

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

**ANSELL, GRIMM & AARON, P.C.**
Joshua S. Bauchner, Esq. (051242013)
Michael H. Ansell, Esq. (014052010)
365 Rifle Camp Road
Woodland Park, New Jersey  07424
Tel:  (973) 247-9000
Fax:  (973) 247-9199

*Attorneys for Plaintiff*

| | |
|---|---|
| CRAIG SCHMELL,<br><br>    Plaintiff,<br><br>v.<br><br>MORGAN STANLEY & CO., INC.,<br><br>    Defendant. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>MONMOUTH COUNTY<br>DOCKET NO.:<br><br>CIVIL ACTION<br><br>**COMPLAINT** |

Plaintiff, Craig Schmell ("Plaintiff"), by way of Complaint against the Defendant, Morgan Stanley ("Defendant"), alleges as follows:

**PRELIMINARY STATEMENT**

1. This case arises from Defendant's unlawful termination of Plaintiff after years of faithful job performance upon learning of his alcohol and drug abuse three decades ago.

2. Couched as concern for the integrity of the company, Defendant -- with numerous findings of unlawful conduct and billions of dollars in fines levied against it in just the past few years -- terminated Plaintiff for his disability after he provided them with a draft of his book based upon his life, his downfalls, and ultimately, his redemption.

3. To punish Plaintiff for his disability and the alleged impact it could have upon Defendant's reputation, whose own conduct helped to crater the economy and who continues to inflict harm upon the public, is not only the height of hypocrisy, it is also patently unlawful.

## PARTIES

4. Plaintiff is an individual residing in Monmouth County, New Jersey.

5. Defendant is a Delaware corporation with its principal place of business located at 1585 Broadway, New York, New York 10036.

## FACTUAL BACKGROUND

6. In or around January 2006, Plaintiff commenced his employment with Defendant as a Senior Vice President.

7. Plaintiff was employed at Defendant's office located at 20 Linden Place, Red Bank, New Jersey 07701.

8. In or around January 2015, Plaintiff began work on a self-help book, ultimately titled "The Uninvited: How I Crashed My Way into Finding Myself" (the "Book").

9. Plaintiff had the assistance of Ellis Henican, a New York Times bestselling author and Pulitzer Prize-wining newspaper columnist in co-authoring the Book.

10. The Book is focused on Plaintiff's acts more than thirty (30) years ago, and how recovery ultimately led to redemption.

11. Plaintiff and Mr. Henican candidly recount Plaintiff's experiences to promote the integrity of the story concerning Plaintiff's remarkable redemption.

12. In an effort to be transparent, in or about June 2017, Plaintiff provided Defendant, through his office's Managing Director, Christopher Shaw, with a draft of the Book for review and input.

13. The draft of the Book contained details about Plaintiff's past drug and alcohol abuse, as well has his ultimate recovery.

14. This was the first time that Defendant was made aware of Plaintiff's past drug and alcohol abuse, having occurred and ended decades before his employment with Defendant.

15. Defendant, through its agent, Carol Doran-Timmins, immediately responded with threats to Plaintiff's employment.

16. Moreover, in or about June 2017, Defendant, through its agents, Christopher Shaw and Carol Doran-Timmins, returned notes to Plaintiff purporting to request edits to certain portions of the Book specifically related to Plaintiff's past drug and alcohol abuse in exchange for permitting Plaintiff to remain employed by Defendant.

17. In an effort to appease Defendant, Plaintiff agreed to the suggested edits.

18. Specifically, Plaintiff agreed to remove any mention of (1) Defendant, (2) his "hard" drug use, and (3) his detainment by police at the age of sixteen.

19. However, in or around August 2017, Defendant, through its agents, Christopher Shaw and Carol Doran-Timmins, advised Plaintiff the edits were insufficient.

20. On or about August 8, 2017, Mr. Shaw advised Plaintiff that the Book "creates a reputational risk" for Defendant and that Plaintiff would be terminated if he published the Book.

21. Specifically, Mr. Shaw referenced "conduct in which [Plaintiff] engaged in before [Plaintiff's] recovery."

22. Again, on October 5, 2017, Mr. Shaw advised Plaintiff that he could not remain employed by Defendant if he published the Book.

23. Thereafter, Plaintiff was terminated on or about October 31, 2017.

24. Defendant's alleged reason for termination -- reputational harm to Defendant -- was a mere pretext to cover Defendant's true motivation: Plaintiff's prior drug and alcohol abuse and status as a recovering addict.

25. Seeking cover for its unlawful motivation, Defendant pretended to care about the content of the Book by suggesting edits that would make it acceptable to Defendant for publication.

26. Ultimately, however, upon information and belief, Defendant never had any intention of permitting Plaintiff to publish the Book or continue his employment once apprised of his status as a recovering addict.

27. In fact, Plaintiff took a leave of absence following his disclosure of the draft of the Book to Defendant in order to complete the Book, and only upon his potential return, did Defendant terminate Plaintiff.

28. Worse, Defendant's stated reason for Plaintiff's termination -- reputational harm -- is undermined by Defendant's own unlawful conduct and fines which place it the national news cycle on a regular basis and cause far greater damage to Defendant's reputation that Plaintiff's past alcohol and drug addiction, ever could.

29. For instance, in the past few years alone, Defendant has been found to have committed the following unlawful conduct and incurred the following fines:

    a. $1.25 billion fine to settle charges by the Federal Housing Finance Agency relating to Fannie Mae and Freddie Mac abuses in February 2014;

    b. $274 million fine to the Securities and Exchange Commission in July 2014 related to misleading investors in the sale of residential mortgage-backed securities;

    c. $4 million fine to the Financial Industry Regulatory Authority in December 2014 related to stock analysts soliciting business and offering favorable research coverage in connection with a planned initial public offering of Toys R Us;

    d. $2.6 billion settlement with the United States Department of Justice in February 2015 related to the sale of toxic securities in the run-up to the financial crisis;

    e. $13 million fine to the Securities and Exchange Commission in January 2016 related to the overbilling of investment advisory clients; and

    f. $13 million fine to the Financial Industry Regulatory Authority in September 2017 related to its failure supervise its representatives' trades of unit investment trusts.

## COUNT I

30. Plaintiff re-alleges the allegations of the preceding paragraphs as if set forth herein in full.

31. Plaintiff, a recovering alcoholic and drug addict, is a member of a protected class under the New Jersey Law Against Discrimination ("LAD"), N.J.S.A. 10:5-1, *et seq*.

32. Plaintiff satisfactorily performed his job duties for Defendant.

33. At all times Plaintiff performed his job at a level that, at a minimum met, and in many instances exceeded, Defendant's expectations

34. Plaintiff was terminated because of his disability (both actual, and perceived), which constitutes discrimination in violation of N.J.S.A. 10:5-12(a), prohibiting termination solely on the basis of disability.

35. As a direct and proximate result of the conduct on the part of Defendant, Plaintiff suffered economic loss including the loss of earnings and earning capacity, loss of fringe and pension benefits, loss of career opportunities, mental and emotional stress, including anxiety about the future and the ability to support himself loss of ordinary pleasures of everyday life including the right to seek and pursue gainful occupation of choice, as well as psychological and emotional trauma which has resulted or will result in additional emotional or psychological difficulties, including garden variety emotional distress.

**WHEREFORE**, Plaintiff hereby demands judgment against Defendant for:

  (a) Compensatory damages;

  (b) Punitive damages;

(c) Costs and attorneys' fees; and

(d) Such other relief as the court deems just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury of all issues in this case.

Dated: Woodland Park, New Jersey  ANSELL GRIMM & AARON, P.C.
       November 13, 2017

By: _____
Joshua S. Bauchner, Esq.
Michael H. Ansell, Esq.
365 Rifle Camp Road
Woodland Park, New Jersey  07424
(973) 247-9000
(973) 247-9199 facsimile
jb@ansellgrimm.com

*Attorneys for Plaintiff*

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, notice is hereby given that Joshua S. Bauchner, Esq., of the law firm of Ansell Grimm and Aaron, P.C., is hereby designated as trial counsel on behalf of Plaintiff in the within matter.

## CERTIFICATION PURSUANT TO RULE 1:38-7(c)

Pursuant to Rule 1:38-7(c), I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

## CERTIFICATION PURSUANT TO RULE 4:5-1

I certify that pursuant to Rule 4:5-1, to my knowledge and based on the information available to me at this time, that the matter in controversy is not the subject of any other court action or arbitration proceeding, now pending or contemplated, and that no other parties should be joined in this action.

Dated:  Woodland Park, New Jersey         ANSELL GRIMM & AARON, P.C.
        November 13, 2017

By: _____
    Joshua S. Bauchner, Esq.
    Michael H. Ansell, Esq.
    365 Rifle Camp Road
    Woodland Park, New Jersey  07424
    (973) 247-9000
    (973) 247-9199 facsimile
    jb@ansellgrimm.com

*Attorneys for Plaintiff*